DENNIS P. GALLAGHER, II, ESQ. - SBN 301453
Wm. Bolthouse Farms, Inc.
7200 E. Brundage Lane
Bakersfield, CA 93307
Tel: (661) 477-6579
Dennis.Gallagher@bolthouse.com

Attorneys for Plaintiff,
WM. BOLTHOUSE FARMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| WM. BOLTHOUSE FARMS, INC., a Michigan Corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ATKINSON STAFFING, INC., an Oregon Corporation, and MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an Arizona Corporation, and<br>DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants.<br><br>ATKINSON STAFFING, INC.,<br><br>　　　　　　Counterclaimant,<br><br>　vs.<br><br>MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY.<br><br>　　　　　　Counterdefendant. | **CASE NO. 1:19-CV-01560-LJO-JLT**<br>*Complaint filed: November 1, 2019*<br>*Trial Date: n/a*<br><br><br>**JOINT SCHEDULING CONFERENCE STATEMENT**<br><br>**DATE:**　　January 30, 2019<br>**TIME:**　　8:30 a.m.<br>**DEPT:**　　United States Courthouse<br>　　　　　　510 19th Street<br>　　　　　　Bakersfield, CA 93301 |

\\\

\\\

\\\

COME NOW, Plaintiff WM. BOLTHOUSE FARMS, INC., a Michigan Corporation ("Plaintiff" of "Bolthouse"), Defendant and Counterclaimant ATKINSON STAFFING, INC., an Oregon Corporation ("Atkinson"), and Defendant and Counterdefendant MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an Arizona Corporation ("MUSIC") (Atkinson and MUSIC are collectively referred to as "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), and submit their Joint Scheduling Conference Statement, as follows:

**1.      Statement of the Case**

This is an action for breach of contract and common counts by Plaintiff against Atkinson and its insurer, MUSIC, premised upon a failure to indemnify and hold harmless Plaintiff in the related action of *David Lara v. Wm. Bolthouse Farms, Inc.,* Benton County Superior Court, State of Washington, case number 18-2-00978-0 (the "Lara Action"). Plaintiff alleges that Lara was an employee of Atkinson, a staffing agency, working at a Bolthouse facility when he sustained personal injuries. The Lara Action resulted in a settlement for $500,000.00 paid in full by Bolthouse.

Prior to Lara's injuries, Atkinson and Bolthouse entered into a contract for the provision of laborers and services by Atkinson to Bolthouse (the "Services Agreement"). The Services Agreement was in effect at the time of Lara's injury. Both Atkinson and Bolthouse were named as insureds under a policy written by MUSIC (the "MUSIC Policy"), which policy was required under the Services Agreement. Plaintiff contends that the Services Agreement obligated Atkinson to defend and indemnify it in the Lara Action. Atkinson denies this contention. Plaintiff further contends that the MUSIC Policy obligated MUSIC to defend and indemnify Plaintiff in the Lara Action. Atkinson also contends that MUSIC was obligated to defend and indemnify it relating to the Lara Action.

As noted above, Atkinson denies liability to Plaintiff and MUSIC denies liability to Plaintiff and Atkinson. MUSIC contends there is no coverage for either Bolthouse or Atkinson because the policy contains an endorsement eliminating any coverage for claims by anyone who is an employee of any insured or additional insured. MUSIC contends the Limited Coverage for Contractors and Employees endorsement (ECF 1 at p. 26) eliminates any coverage that might otherwise exist. MUSIC further contends that Bolthouse is covered as an additional insured only with respect to liability caused in whole or in part by Atkinson's acts or omissions or those of persons or entities acting on

Atkinson's behalf in the performance of Atkinson's ongoing operations for Bolthouse.

**2.      Subject Matter Jurisdiction**

   The Parties agree that this Court has subject matter jurisdiction.

**3.      Amendment of Pleadings/Joinder of Additional Parties**

   The Parties do not anticipate joinder of additional parties at this time.

**4.      Summary of Uncontested and Contested Facts**

   **Uncontested Facts**

   a) Plaintiff is and at all relevant times was, a corporation organized under the laws of the state of Michigan with its principal place of Business in Kern County, California.

   b) Defendant Atkinson is and at all relevant times was, a corporation organized under the laws of the state of Oregon and doing business in Benton County, Washington.

   c) Plaintiff is informed and believes and based thereon alleges, that at all times herein mentioned, Defendant MUSIC is and at all relevant times was, a corporation organized under the laws of the state of New Jersey.

   d) On or about January 27, 2015, MUSIC issued a Commercial General Liability policy to Atkinson, policy no. MP0036002002040 (the "MUSIC Policy").  Plaintiff was named as an additional insured party under the MUSIC Policy and Additional Insured Endorsement.

   e) On or about June 2, 2015, Plaintiff and Atkinson entered into a Services Agreement whereby Atkinson would provide services and labor to Plaintiff in exchange for monetary compensation (the "Services Agreement").

   f) Section 20 of the Services Agreement required Atkinson to maintain an insurance policy for commercial general liability coverage in conjunction with the Services Agreement, *to wit* the MUSIC Policy.

   g) On or about April 16, 2018, David Licona Lara ("Lara") filed a Complaint for Damages (the "Lara Complaint") in Benton County Superior Court in the State of Washington, case number 18-2-00978-0 (the "Lara Action") against Bolthouse.

   h) The Lara Action related to claims of personal injuries sustained by Lara while allegedly working as an employee of Atkinson at a facility owned and operated by Bolthouse.

i) Bolthouse transmitted a tender correspondence to Atkinson shortly after inception of the Lara Action. Therein, Bolthouse requested that Atkinson defend, indemnify and hold harmless Bolthouse in the Lara Action, pursuant to the Services Agreement. Atkinson denied this tender request.

j) Bolthouse transmitted a tender correspondence to MUSIC shortly after inception of the Lara Action. Therein, Bolthouse requested that MUSIC defend, indemnify and hold harmless Bolthouse in the Lara Action, pursuant to the MUSIC Policy. MUSIC denied this tender request.

k) On or about November 15, 2019, Lara and Bolthouse attended a mediation in the Lara Action. This mediation resulted in a settlement and release of all claims in the amount of $500,000.00, paid by Bolthouse to Lara.

l) In defense of the Lara Action, Bolthouse also paid and will pay various costs of suit and attorneys' fees.

m) Atkinson also transmitted tender correspondence to MUSIC shortly after inception of the instant litigation. Therein, Atkinson requested that MUSIC defend, indemnify and hold harmless Atkinson in the instant action, pursuant to the MUSIC Policy. On or about January 20, 2020, MUSIC denied this tender request.

**Contested Facts**

Other than the uncontested facts listed above, all other facts are disputed, including the ultimate facts pertaining to the various claims for relief asserted.

5. **Summary of Undisputed and Disputed Legal Issues**

**Undisputed Legal Issues**

a) Plaintiff and Atkinson entered into a written contract, *to wit* the Services Agreement.

b) MUSIC issued the MUSIC Policy, a written contract, to which Plaintiff and Atkinson were insureds.

c) This Court is one of appropriate jurisdiction and venue.

**Disputed Legal Issues**

All other legal issues are disputed, including the elements of the various claims for relief

asserted, and the existence and amount of any damages asserted, namely 1) whether or not Atkinson and/or MUSIC breached their written agreements, and each of them, with Bolthouse and, 2) whether or not MUSIC breached its express and implied obligations to Atkinson.

**6.     Matters Currently Before the Court**

There are no matters currently pending before the Court.

**7.     Discovery Plan**

The Parties propose the following discovery dates:

| | |
|---|---|
| Initial Disclosures: | February 28, 2020 |
| Non-expert discovery cutoff: | September 30, 2020 |
| Expert witness disclosure: | October 15, 2020 |
| Supplemental expert witness disclosure: | November 5, 2020 |
| Expert discovery cutoff: | December 7, 2020 |

Concurrently filed herewith are a Stipulation for Protective Order and Stipulation for *FRE* Rule 502 clawback.  The Parties reserve the right to request.  The Parties reserve the right to request additional modifications to discovery rules and limitations at a later date, but do not request any further at this time.

**8.     Dates Agreed Upon By The Parties**

The parties propose the following dates:

| | |
|---|---|
| Last day to file non-dispositive motions: | December 21, 2020 |
| Last day to file dispositive motions: | January 19, 2021 |
| Last day to hear dispositive motions: | March 15, 2021 |
| Final Settlement Conference: | April 19, 2020 |
| Pre-Trial Conference: | May 17, 2021 |
| Trial: | July 12, 2021 |

The Parties reserve the right to conduct depositions via video and/or audio.

**9.     Electronic Discovery**

The Parties anticipate seeking the production of electronic discovery from each other, as well as certain third parties.

10. **Motions**

At this time, all Parties anticipate filing a Motions for Summary Judgment or Partial Summary Adjudication, pursuant to *Federal Rules of Civil Procedure* Rule 56.  The Parties otherwise do not currently anticipate the filing of any other motions, but reserve the right to file timely motions as appropriate.

11. **Settlement**

Settlement of this matter has not been discussed in specific terms, although all parties have expressed an interest in resolving this matter informally at an early point in time.  Accordingly, **the Parties request a voluntary settlement conference** be set within 60-120 days of this Scheduling Conference Statement with a Judge or Magistrate, subject to availability of the Court's calendar. Such time period will allow the Parties to exchange and evaluate initial disclosures and to submit to the Voluntary Settlement Conference without unnecessary client expense or burden on the Court.

12. **Demand for Jury Trial**

Plaintiff does not request a jury trial.  Atkinson has demanded a jury and MUSIC will also demand one.

13. **Estimated Length of Trial**

The Parties estimate a jury trial of approximately 5-6 days.

14. **Relation to Another Case**

As referenced above, this matter is premised in part upon the underlying matter of *David Lara v. Wm. Bolthouse Farms, Inc.,* Benton County Superior Court, State of Washington, case number 18-2-00978-0, which has settled.  The Parties are not aware of this matter being related to any other matters pending in this Court, or any other court, including any bankruptcy court.

15. **Modification of Standard Pretrial and Trial Procedures**

At this time, the Parties are not aware of any suggestions for shortening or expediting discovery, pretrial motions or trial other than those set forth herein.

16. **Other Issues**

At this time, the Parties are not aware of any other issues affecting the status or management of the case.

| | | |
|---|---|---|
| 2 | DATED: January 21, 2020 | By  /s/ Dennis P. Gallagher, II |
| 3 | | DENNIS P. GALLAGHER, II, ESQ. |
| | | Attorneys for Plaintiff, |
| 4 | | WM. BOLTHOUSE FARMS, INC. |
| 6 | DATED: January 21, 2020 | By  /s/ Andrew B. Downs, |
| 7 | | ANDREW B. DOWNS, ESQ. |
| | | Attorneys for Defendant, |
| 8 | | MESA UNDERWRITERS SPECIALTY |
| | | INSURANCE COMPANY |
| 10 | DATED: January 21, 2020 | By  /s/ Edward Seidel |
| 11 | | EDWARD SEIDEL, ESQ. |
| | | Attorneys for Defendant, |
| 12 | | ATKINSON STAFFING, INC. |