Andrew B. Downs, SBN 111435
E-mail:andy.downs@bullivant.com
Sarah Bowen, SBN 308633
E-mail:sarah.bowen@bullivant.com
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Defendant Mesa Underwriters Specialty Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| WM. BOLTHOUSE FARMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ATKINSON STAFFING, INC.; MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, *et al.*, <br><br> Defendants. | No. 1:19-cv-01560-DAD-JLT <br><br> **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS: MEMORANDUM IN SUPPORT** <br><br> Date:   October 20, 2020 <br> Time:  9:30 a.m. <br> Before Hon. Dale A. Drozd <br>  (subject to COVID-19 restrictions) |

TO: PLAINTIFF AND ITS ATTORNEYS:

PLEASE TAKE NOTICE that on October 20, 2020 at 9:30 a.m. or as soon thereafter as this matter may be heard, before the Hon. Dale A. Drozd, United States Courthouse, 2500 Tulare Street, Fresno, California (subject to COVID-19 restrictions on personal appearances), defendant Mesa Underwriters Specialty Insurance Company will move, and does move, for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure.

This motion is made on the ground that the pleadings show indisputably the claim on which this case is based is excluded by the explicit terms of the policy.

This motion is based upon this Notice, the Complaint filed November 1, 2019 (ECF 1), the Answer and Counterclaim of Atkinson Staffing, Inc. filed January 7, 2020 (ECF 16), the

Answer of Mesa Underwriters Specialty Insurance Company filed January 20, 2020 (ECF 17), Mesa Underwriters Specialty Insurance Company's Answer to Cross-Claim of Atkinson Staffing, Inc. filed January 20, 2020 (ECF 18), the memorandum which follows this notice, the pleadings and papers on file, and upon such other evidence and argument as may be presented.

Counsel has met and conferred, first by lengthy discussions in May 2020 with prior plaintiff counsel Dennis Gallagher, then by e-mail communications with Mr. Gallagher on August 31, 2020, the upshot of which was an agreement to delay this motion until after the substitution of new counsel (Mr. O'Dell) was filed, and to set it for a hearing date later than the minimum notice required under Local Rule 230.

DATED: September 9, 2020

BULLIVANT HOUSER BAILEY PC


By  /s/ *Andrew B. Downs*
    Andrew B. Downs
    Sarah Bowen

Attorneys for Defendant Mesa Underwriters Specialty Insurance Company

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... 1

II.   MATERIAL FACTS ............................................................................................... 1

    A.   The Lara Action and the Denial of Coverage to Bolthouse ......................... 1

    B.   The Denial of Coverage to Atkinson and the Assignment ........................... 2

    C.   The Limited Coverage for Contractors and Employees Endorsement ......... 3

    D.   The Additional Insured Endorsement .......................................................... 4

III.  THE STANDARDS APPLICABLE TO THIS MOTION ...................................... 4

    A.   Standard for Determination of a Motion for Judgment on the Pleadings .... 4

    B.   Standards for Insurance Policy Interpretation ............................................. 5

IV.  THE MUSIC POLICY DOES NOT COVER INJURIES TO EMPLOYEES OF
     INSUREDS OR ADDITIONAL INSUREDS ........................................................ 6

    A.   The MUSIC Policy is Unambiguous and Must be Read as a Whole ........... 6

    B.   The Limited Coverage Endorsement Applies to Bolthouse, Eliminating

          Coverage for the Underlying Claim ............................................................ 7

    C.   Coverage Under the MUSIC Policy is Not Illusory .................................... 8

V.   ATKINSON'S RIGHTS ARE NO GREATER ....................................................... 9

VI.  CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................. 5

*Asmus v. Pac. Bell*,
 23 Cal. 4th 1 (2000) ................................................................................................. 8

*Bank of the West v. Superior Court*,
 2 Cal.4th 1254 (1992) .............................................................................................. 5

*Cafasso, U.S. ex rel v General Dynamics C4 Systems, Inc.*,
 637 F.3d 1047 (9th Cir. 2011) ................................................................................. 4

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
 824 F.3d 1156 (9th Cir. 2016) ................................................................................. 5

*Castro v. Fireman's Fund America Life Ins. Co.*,
 206 Cal.App.3d 1114 (1988) ................................................................................... 6

*Energy Ins. Mutual, Ltd. v. Ace American Ins. Co.*,
 14 Cal.App.5th 281, 306 (2017) .............................................................................. 8

*Fire Ins. Exchange v. Superior Court*,
 116 Cal.App.4th 446 (2004) ................................................................................ 5, 6

*Forecast Homes Inc. v. Steadfast Ins. Co.*,
 181 Cal.App.4th 1466 (2010) .................................................................................. 8

*Foster-Gardner, Inc. v. National Union Fire Ins. Co.*,
 18 Cal.4th 857 (1998) ........................................................................................... 6, 7

*Jeff Tracy, Inc. v. U.S. Specialty Ins. Co.*,
 636 F. Supp. 2d 995 (C.D. Cal. 2009) ..................................................................... 8

*Mt. Hawley Ins. Co. v. Federal Sav. & Loan Ins. Corp.*,
 695 F. Supp. 469 (C.D. Cal. 1987) .......................................................................... 8

*Palmer v. Truck Ins. Exchange*,
 21 Cal.4th 1109 (1999) ................................................................................... 5, 6, 7

*Shroyer v. New Cingular Wireless Services, Inc.*,
 622 F.3d 1035 (9th Cir. 2010) ................................................................................. 5

*Waller v. Truck Ins. Exchange, Inc.*,
 11 Cal.4th 1 (1995) ......................................................................................... 5, 6, 7

**STATUTES**

Cal. Civ. Code § 1641 ................................................................................................................5

Cal. Civ. Code § 1644 ................................................................................................................5

ORS 735.410 ..............................................................................................................................9

**OTHER AUTHORITIES**

F.R.Civ.P. Rule 12(b)(6) ............................................................................................................4

F.R.Civ.P. Rule 12(c) .................................................................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The issues in this case are simple. Mesa Underwriters Specialty Insurance Company ("MUSIC") issued a liability policy to Atkinson Staffing, Inc. which excluded liability coverage for any bodily injury to any employee of Atkinson or of any additional insured. In this case, a laborer employed by Atkinson, and assigned to work as a temporary employee of additional insured Bolthouse, David Lara, was injured on the job at Bolthouse. That prominent exclusion, appearing in a stand-alone endorsement, eliminates all liability coverage for both Atkinson and Bolthouse for the Lara claim.

Mr. Lara sued Bolthouse in Washington, where he was injured. Bolthouse tendered its defense to MUSIC, who declined to accept that tender. Bolthouse also tendered to Atkinson, who similarly declined to accept the tender. After this action was filed Bolthouse and Atkinson entered into a settlement under which Atkinson assigned its rights against MUSIC to Bolthouse.

The issue raised by this motion is simple – is the prominent exclusion enforceable? MUSIC submits it is, which means MUSIC is entitled to judgment in its favor as a matter of law.

## II. MATERIAL FACTS

### A. The Lara Action and the Denial of Coverage to Bolthouse

David Lara was employed by Atkinson and was assigned as a temporary worker to work at Bolthouse's facility. (Complaint, ECF 1, ¶ 14). While working at Bolthouse's facility, Mr. Lara alleged his jacket became caught on a pick wheel, pulling him into the conveyor belt system and causing him to sustain serious bodily injuries. (Complaint, ECF 1, ¶ 14). Mr. Lara subsequently brought the underlying bodily injury action (the "Lara Action") against Bolthouse. (Complaint, ECF 1, ¶¶ 13-14).

MUSIC had issued a commercial general liability policy to Atkinson (the "MUSIC Policy"), on which Bolthouse was named as an additional insured. (Complaint, ECF 1, ¶ 8 and

Exhibit A to that Complaint (ECF 1 pp. 14-73); MUSIC's Answer, ECF 17, ¶ 8)[1]. The MUSIC Policy provides coverage for bodily injury and property damage in certain circumstances specified in the policy, while expressly excluding coverage for employer liability with respect to bodily injury to any employee, temporary worker, leased employee, or independent contractor of the insured or any additional insured arising out of and in the course of employment by the insured or any additional insured or independent contractor, performing duties related to the conduct of the insured's or any additional insured's business, or arising out of the injured party's employment. (MUSIC's Answer, ECF 17, ¶ 9; Complaint, ECF 1 at page 26).

Travelers Insurance Company, on behalf of Bolthouse, requested that MUSIC defend and indemnify Bolthouse against the Lara Complaint. (Complaint, ECF 1, ¶ 15; MUSIC's Answer, ECF 17, ¶ 15). Based on the applicable exclusion, MUSIC properly and reasonably denied the tender made by Travelers because the MUSIC Policy does not provide coverage for any liability Bolthouse has with respect to the Lara Action. (Complaint, ECF 1, ¶ 16; MUSIC's Answer, ECF 17, ¶ 16).

### B. The Denial of Coverage to Atkinson and the Assignment

Bolthouse and Atkinson had entered into a Services Agreement under which Bolthouse sought contractual indemnity from Atkinson. (Complaint, ECF 1, ¶¶ 10-11 and Exhibit B to that Complaint (ECF 1 pp. 75-81); Atkinson's Answer and Counterclaim, ECF 16 ¶¶ 10-11). In turn, Atkinson sought a defense and indemnity from MUSIC for the underlying Lara Action. (Atkinson's Answer and Counterclaim, ECF 16 ¶ 53). Atkinson tendered to MUSIC its defense and sought indemnity against Bolthouse's claims arising from the Lara Action. (Atkinson's Answer and Counterclaim, ECF 16 ¶ 55). MUSIC properly and reasonably denied the tender made by Atkinson because the MUSIC Policy does not provide coverage for any liability Atkinson or Bolthouse have with respect to the Lara Action, including to each other (MUSIC's Answer to Cross-Claim, ECF 18, ¶ 56).

---

[1] While MUSIC denied the copy of the policy attached to Bolthouse's Complaint was complete, the material endorsement for "Limited Coverage for Contractors and Employees" is included in that copy at page 26 of ECF 1.

Bolthouse settled with Atkinson, one of the terms of which was an assignment by Atkinson to Bolthouse of its claims against MUSIC. (Order Directing the Clerk of the Court to Assign a District Judge, ECF 37).

### C. The Limited Coverage for Contractors and Employees Endorsement

The MUSIC Policy includes the LIMITED COVERAGE FOR CONTRACTORS AND EMPLOYEES endorsement which states in relevant part:

> This Insurance does not apply to:
>
> e.  Employer's Liability
>
> "Bodily Injury" to:
>
> (1) An "employee", "temporary worker", "leased employee", or independent contractor of the insured or any additional insured or employee of any independent contractor arising out of and in the course of:
>
> (a) Employment by the insured or any additional insured or independent operator
>
> (b) Performing duties related to the conduct of the insured or any additional insured's business; or
>
> (c) Arising out of the injured party's employment; or
>
> (2) A fellow "employee", "temporary worker", "leased employee", or independent contractor of the insured or any additional insured arising out of the course of such employment when the insured is an "executive officer" of such employer; or
>
> (3) The spouse, children, parent, brother or sister of that fellow "employee", "temporary worker", "leased employee", or independent contractor as a consequence of Paragraph (1) above.
>
> This exclusion applies:
>
> (1) Whether an insured may be liable as an employer or in any other capacity;
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; or
>
> (3) To any liability assumed under any contract or agreement.

– 3 –

   B. SECTION V – DEFINITIONS, subparagraph 19. Is deleted and replaced with the following:

    19. "Temporary Worker" means any person who is:

     (a) Furnished to you to substitute for a permanent "employee";

     (b) A short-term worker; or

     (c) Not an "employee" or "volunteer" worker

(Exhibit A to Complaint, ECF 1 p. 26)

  **D.** **The Additional Insured Endorsement**

The MUSIC Policy also contains an endorsement naming Bolthouse as an additional insured. It provides:

   A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    **1.** Your acts or omissions; or

    **2.** The acts or omissions of those acting on your behalf;

   in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

(Exhibit A to Complaint, ECF 1 p. 73).

**III.** **THE STANDARDS APPLICABLE TO THIS MOTION**

This case is a policy interpretation case, pure and simple. If the Limited Coverage for Contractors and Employees endorsement is enforceable, MUSIC is entitled to judgment.

  **A.** **Standard for Determination of a Motion for Judgment on the Pleadings**

This motion is brought pursuant to Rule 12(c), F.R.Civ.P., which provides:

> Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

In deciding a Rule 12(c) motion for judgment on the pleadings, a court applies the same standard applicable to motions to dismiss under Rule 12(b)(6). *Cafasso, U.S. ex rel v General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). That standard is whether the

Complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Where the claim for relief is based upon a legally erroneous proposition, the complaint does not state a viable claim to relief because there is no cognizable legal theory on which relief could be granted. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) *citing, Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Here, there is no cognizable theory under which Bolthouse can state a claim for relief because the enforceable terms of the MUSIC Policy exclude coverage for any liability Bolthouse might have to Lara, or Atkinson might have to Bolthouse.

### B.     Standards for Insurance Policy Interpretation

In California, when the facts are undisputed, determining whether an insurance policy provides coverage is a question of law. *Palmer v. Truck Ins. Exchange*, 21 Cal.4th 1109, 1115 (1999); *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 18 (1995). Insurance contracts are subject to the ordinary rules of contractual interpretation and thus the mutual intention of the parties at the time the contract is formed governs interpretation. *Palmer*, 21 Cal.4th 1109, 1115 (1999); *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992). If possible, the court will infer this intent solely from the written provisions of the insurance policy. *Fire Ins. Exchange v. Superior Court*, 116 Cal.App.4th 446, 453 (2004). If the policy language is clear and explicit, it governs. *Palmer*, 21 Cal.4th 1109, 1115 (1999); *Fire Ins. Exchange*, 116 Cal.App.4th 446, 453 (2004).

When interpreting a policy provision pursuant to California contract law, policy terms are "to be understood in their ordinary and popular sense" unless such terms are "used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." Cal. Civ. Code § 1644. Interpretation of such terms must also be in context and "give effect to every part" of the policy with "each clause helping to interpret the other." Cal. Civ. Code § 1641; *Palmer*, 21 Cal.4th 1109, 1115 (1999).

A policy provision is ambiguous only if it is susceptible to two or more reasonable constructions despite the plain meaning of its terms within the context of the policy as a whole.

*Palmer* at 1115; *Foster-Gardner, Inc. v. National Union Fire Ins. Co.*, 18 Cal.4th 857, 868 (1998). The fact that a word or phrase in an insurance policy isolated from its context is susceptible of more than one meaning does not render a provision ambiguous. Language in a policy must be construed in the context of the policy as a whole, and in the circumstances of the particular case, and cannot be found to be ambiguous in the abstract. *Foster-Gardner, Inc.* at 868 *citing*, *Castro v. Fireman's Fund America Life Ins. Co.*, 206 Cal.App.3d 1114, 1120 (1988). Courts will not strain to create an ambiguity where none exists. *Waller*, 11 Cal.4th 1, 18-19 (1995); *Fire Ins. Exchange*, 116 Cal.App.4th 446, 456 (2004).

When these standards are applied to the terms of the MUSIC Policy as they relate to bodily harm coverage for additional insureds, Bolthouse's claim fails.

### IV. THE MUSIC POLICY DOES NOT COVER INJURIES TO EMPLOYEES OF INSUREDS OR ADDITIONAL INSUREDS

Mr. Lara was a payroll employee of Atkinson working for Bolthouse as a temporary worker. The policy provides it does not apply to liability for claims by employees of the named insured or any additional insured. Mr. Lara was such a person, thus there is no coverage for his claims.

#### A. The MUSIC Policy is Unambiguous and Must be Read as a Whole

Like most Commercial General Liability policies, the MUSIC policy provides coverage against liability for bodily injury and property damage, subject to various exclusions. One of those exclusions is the Employer's Liability exclusion, which is broadened by the Limited Coverage for Contractors and Employees endorsement.

The Limited Coverage Endorsement states at the top of the endorsement, "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY" and again, before the provision begins, states, "This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE FORM". The Limited Coverage Endorsement goes on to state in no uncertain terms "SECTION I-COVERAGE A BODILY INJURY AND PROPERTY DAMAGE, 2. Exclusions, is deleted and replaced as follows:"

The only reasonable interpretation of this endorsement is it means what it says. The Limited Coverage Endorsement excludes employer liability relating to bodily injury claims. *Palmer*, 21 Cal.4th 1109, 1115 (1999); *Foster-Gardner, Inc.*, 18 Cal.4th 857, 868 (1998).

Nothing in the Additional Insured Endorsement naming Bolthouse as an additional insured changes the Limited Coverage Endorsement. All the Additional Insured endorsement does is amend Section II of the General Liability Coverage Form "Who Is An Insured" to make Bolthouse an <u>insured</u> for certain types of liability caused in whole or in part by 1) Atkinson's acts or omissions; or 2) the acts or omissions of those acting on Atkinson's behalf. A review of Section II of the policy (ECF 1 at pp. 48-49) shows it has no bearing on which exclusions do or do not apply to coverage; it simply defines who qualifies as an insured.

There is no ambiguity as to whether the Limited Coverage Endorsement controls with respect to bodily injury exclusions applicable to <u>any insured</u>. Bolthouse may not apply a strained interpretation to create an ambiguity where none exists. *Waller v. Truck Ins. Exchange, Inc.*, 11, Cal.4th 1 (1995).

### B. The Limited Coverage Endorsement Applies to Bolthouse, Eliminating Coverage for the Underlying Claim

The Limited Coverage Endorsement explicitly excludes coverage for bodily injury claims when certain elements are met. First, the claim must be a bodily injury claim. There is no dispute that Mr. Lara sustained bodily injuries for which he sued Bolthouse. (Complaint, ECF 1, ¶ 14). Second, the claimant needs to be an employee, temporary employee, leased employee or independent contractor of the insured, Atkinson, or an additional insured, Bolthouse. Again, the fact that Mr. Lara was employed by Atkinson and assigned to work at Bolthouse's facility as a temporary employee at the time of incident is admitted. *Id*. Third, the injury needs to occur arising out of or in the course of employment by the insured, Atkinson, or additional insured, Bolthouse. Once again, the fact that Mr. Lara was injured in the course of his employment as a temporary employee for Bolthouse at Bolthouse's facility is undisputed. *Id*. Each of the necessary elements is met. Thus, the Limited Coverage Endorsement clearly applies to

Bolthouse and explicitly excludes Bolthouse from any coverage for the bodily injury claim brought against it by Mr. Lara.

### C. Coverage Under the MUSIC Policy is Not Illusory

Bolthouse will argue that if the MUSIC Policy is to be read as a whole, it provides illusory coverage and the Limited Coverage Endorsement should be ignored. Bolthouse's logic is flawed.

A contract is illusory if performance is solely in the discretion of the promisor:

> Scholars define illusory contracts by what they are not. As Corbin observes, "if a promise is expressly made conditional on something that the parties know cannot occur, no real promise has been made. Similarly, one who states 'I promise to render a future performance, if I want to when the time arrives,' has made no promise at all. It has been thought, also, that promissory words are illusory if they are conditional on some fact or event that is wholly under the promisor's control and bringing it about is left wholly to the promisor's own will and discretion. This is not true, however, if the words used do not leave an unlimited option to the one using them. It is true only if the words used do not in fact purport to limit future action in any way." [Citation]

*Asmus v. Pac. Bell*, 23 Cal. 4th 1, 15–16 (2000). *See also, Forecast Homes Inc. v. Steadfast Ins. Co.*, 181 Cal.App.4th 1466, 1483-84 (2010) (requirement that named insured satisfy self-insured retention obligation does not make policy illusory as to additional insured, even though performance is dependent upon the acts of the named insured).

Consistent with this rule, an insurance policy is not illusory if the policyholder receives a benefit from it. *Jeff Tracy, Inc. v. U.S. Specialty Ins. Co.*, 636 F. Supp. 2d 995, 1007 (C.D. Cal. 2009). The fact that a particular claim, or even a common type of claim is not covered does not make the coverage illusory. *Mt. Hawley Ins. Co. v. Federal Sav. & Loan Ins. Corp.*, 695 F. Supp. 469, 484-85 (C.D. Cal. 1987); *Energy Ins. Mutual, Ltd. v. Ace American Ins. Co.*, 14 Cal.App.5th 281, 306 (2017).

Here, there is nothing in the MUSIC policy that gives MUSIC the ability to avoid it simply by fiat. The policy provides coverage to both Atkinson and Bolthouse; it simply does not provide coverage for this particular loss. That does not make it illusory.

Subject to its other provisions, the MUSIC Policy covers a wide variety of bodily injury, property damage, and personal and advertising injury claims against both Atkinson and Bolthouse. By way of example, if Mr. Lara's negligence injured a visitor to the Bolthouse facility, Bolthouse would have been covered; if Mr. Lara's negligence had caused property damage to the property of a third party, Bolthouse would have been covered. In any instance in which Bolthouse might have been held liable for the acts or omissions of Atkinson or an Atkinson employee other than for injuries to Atkinson or Bolthouse employees, Bolthouse would have coverage, provided no other exclusion applied.

The fact that a particular claim or even a common class of claims is not covered does not make the coverage illusory. Insurance is a contract. The fact that Atkinson chose to purchase a policy that provided limited coverage does not make that policy illusory.[2]

The Limited Coverage Endorsement is enforceable. There is no coverage available to Bolthouse as an additional insured.

## V. ATKINSON'S RIGHTS ARE NO GREATER

The Limited Coverage for Contractors and Employees endorsement provides expressly that it applies to indemnity obligations, providing it applies:

> To any obligation to share damages with or repay someone else who must pay damages because of the injury;

There is no coverage for Atkinson either. Yes, the contract between Bolthouse and Atkinson would qualify as an "insured contract" for purposes of Exclusion 2. b. (ECF 1, p. 41), but that does not negate any other exclusion, including the exclusion for injury claims by employees of Atkinson or Bolthouse.

## VI. CONCLUSION

Atkinson Staffing purchased a policy that did not provide coverage for bodily injury claims by its employees. That policy also provided no coverage to additional insureds, such as

---

[2] For background, MUSIC is a "surplus lines" insurer in Oregon (and California and Washington). To be eligible to buy a policy from MUSIC, Atkinson had to show that it could not obtain coverage in the regular "admitted" insurance market. ORS 735.410.

Bolthouse, for bodily injury claims by Atkinson employees, or by temporary workers employed by Bolthouse. The claimant here, Mr. Lara, falls into both categories. Therefore, the MUSIC policy does not provide coverage.

Defendant Mesa Underwriters Specialty Insurance Company respectfully requests its motion for judgment on the pleadings be granted.

DATED: September 9, 2020

                                     BULLIVANT HOUSER BAILEY PC

By  */s/ Andrew B. Downs*
      Andrew B. Downs
      Sarah Bowen

Attorneys for Defendant Hartford Casualty Insurance Company

**STATEMENT IN LIEU OF CERTIFICATE OF SERVICE**

This document will be served via the Court's CM/ECF system, thus filing counsel is unable to certify at this time that service has occurred. Should the CM/ECF e-file notice report any failures in electronic service, counsel will serve this document by another means and will file a supplemental Certificate of Service.

4823-8821-8818.2