UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM. BOLTHOUSE FARMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | No. 1:19-cv-01560-NONE-JLT <br><br> ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION <br><br> (Doc. No. 1) |

On November 1, 2019, plaintiff Wm. Bolthouse Farms, Inc., commenced this action by filing a complaint against defendants Atkinson Staffing, Inc., Mesa Underwriters Specialty Insurance Company ("Mesa") and 50 Doe defendants. (Doc. No. 1.) The case now proceeds only against defendant Mesa and the Doe defendants. (*See* Doc. No. 37 (order of magistrate judge concerning voluntary dismissal).) Plaintiff's claims against Mesa arise under California law and relate to an insurance contract. (Doc. No. 1.)

Plaintiff's complaint alleges that plaintiff is "a corporation organized under the laws of the state of Michigan with its principal place of Business in Kern County, California." (Doc. No. 1 ¶ 1.) It further alleges that Mesa "at all relevant times was, a corporation organized under the laws of the state of Arizona," and that "[t]his court has jurisdiction as the Parties are diverse, *i.e.* Plaintiff's place of incorporation is different than that of each Defendant, and the amount in

1

controversy exceeds $75,000." (*Id.* ¶¶ 3, 6.)  There are no allegations, however, concerning Mesa's principal place of business.  Atkinson Staffing, which has since been dismissed from this action, is alleged to be "a corporation organized under the laws of the state of Oregon and doing business in Benton County, Washington." (*Id.* ¶ 2.)

Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over certain actions between citizens of different states (diversity jurisdiction).  Complete diversity is a requirement of 28 U.S.C. § 1332.  Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  For diversity purposes,

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .

28 U.S.C. § 1332(c)(1); *accord Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

"Given their limited jurisdiction, federal courts have repeatedly held that a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties." *Id*.

Accordingly,

1. Within fourteen days, plaintiff shall show cause in writing why this action should not be dismissed for lack of subject-matter jurisdiction;

2. Alternatively, within fourteen days, plaintiff may file an amended complaint addressing the issues identified herein or voluntarily dismiss this action;[1] and

---

[1] If plaintiff files an amended complaint addressing the issue raised in this order, the court will turn its attention to the pending motion for judgment on the pleadings (Doc. No. 40) without further delay.  This will maintain the present priority of that motion vis-à-vis other pending motions, which generally are being addressed in the order in which they were submitted.  The undersigned apologizes for the excessive delay in this case.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion.  That situation, which has continued unabated for over eighteen months now, has left the undersigned presiding over 1300 civil cases and criminal matters involving 735 defendants at last count.  Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time.  This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

3. Plaintiff is warned that failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **August 18, 2021**                              /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE

3