UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WM. BOLTHOUSE FARMS, INC., | No. 1:19-cv-01560-NONE-JLT |
| Plaintiff, | |
| v. | ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION WITH LEAVE TO AMEND |
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | |
| Defendant. | (Doc. No. 1) |

On November 1, 2019, plaintiff Wm. Bolthouse Farms, Inc., commenced this action by filing a complaint against defendants Atkinson Staffing, Inc., Mesa Underwriters Specialty Insurance Company ("Mesa") and 50 Doe defendants. (Doc. No. 1.) The case now proceeds only against defendant Mesa and the Doe defendants. (*See* Doc. No. 37 (order of magistrate judge concerning voluntary dismissal).) Plaintiff's claims against Mesa arise under California law and relate to an insurance contract. (Doc. No. 1.) On September 9, 2020, Mesa filed a motion for judgment on the pleadings. (Doc. No. 40.) On August 18, 2021, the court ordered plaintiff to show cause why this action should not be dismissed due to lack of subject-matter jurisdiction. (Doc. No. 47.) Mesa filed a response to the order to show cause on August 27, 2021, providing information concerning its principal place of business. (Doc. No. 48.) Plaintiff filed a response to the order to show cause on August 31, 2021. (Doc. No. 49.)

As discussed in the order to show cause, plaintiff alleges that plaintiff is "a corporation organized under the laws of the state of Michigan with its principal place of Business in Kern County, California." (Doc. No. 1 ¶ 1.) It further alleges that Mesa "at all relevant times was, a corporation organized under the laws of the state of Arizona," and that "[t]his court has jurisdiction as the Parties are diverse, *i.e.* Plaintiff's place of incorporation is different than that of each Defendant, and the amount in controversy exceeds $75,000." (*Id.* ¶¶ 3, 6.) There are no allegations, however, concerning Mesa's principal place of business. Atkinson Staffing, which has since been dismissed as a defendant from this action, is alleged to be "a corporation organized under the laws of the state of Oregon and doing business in Benton County, Washington." (*Id.* ¶ 2.) In response to the court's order to show cause, Mesa filed a declaration indicating that its state of incorporation and principal place of business are in New Jersey. (Doc. No. 48-1 ¶ 3.) Plaintiff's response argued that there is diversity among the parties and over $75,000 in controversy and the court therefore has diversity jurisdiction over this action. (Doc. No. 49.)

No party argues that the complaint alleges the court has subject-matter jurisdiction over this action. Rather, the parties' arguments appear to rely on information outside of the complaint. Although Mesa has filed a declaration stating its state of incorporation and principal place of business are in New Jersey, (Doc. No. 48-1 ¶ 3), and argues that the court has diversity jurisdiction (Doc. No. 48 at 1), this information is not reflected in the allegations of the complaint. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (holding that facial attacks on subject-matter jurisdiction are resolved by looking at the allegations in the complaint and determining whether they "are sufficient as a legal matter to invoke the court's jurisdiction").

The court notes one other aspect of diversity jurisdiction that may be relevant to this case. Under 28 U.S.C. § 1332(c)(1), "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen" along with its other states of incorporation. (paragraph break omitted). A "direct action" for these purposes is a case "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's

2

liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir. 1982).  It is not immediately clear to the court whether this matter is a "direct action" under § 1332(c)(1) which would cause Mesa to take on Atkinson's citizenship as well.  *See Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729–30 (9th Cir. 1993) (discussing the distinction between first-party actions and direct actions).  However, this analysis will be unnecessary if Atkinson's citizenship is diverse.  In the event plaintiff files an amended complaint, it would be prudent for plaintiff to make more complete allegations regarding defendant Atkinson's citizenship.

Accordingly,

1. The order to show cause (Doc. No. 47) is DISCHARGED;
2. The complaint (Doc. No. 1) is DISMISSED;
3. Plaintiff is granted leave to file an amended complaint to address the deficiency with respect to jurisdictional allegations outlined above (i.e., whether there is complete diversity among the parties) within fourteen days of the date of this order;[1] and
4. Within seven days of the expiration of the deadline to file a first amended complaint, the parties shall file a joint status report indicating whether they believe the pending motion for judgment on the pleadings (Doc. No. 40) can move forward in whole or in part in its present form and be ruled upon by the court.[2]

IT IS SO ORDERED.

Dated:   **September 1, 2021**              _Dale A. Drozd_
                                             UNITED STATES DISTRICT JUDGE

---

[1] The fact that the court has limited its grant of leave to amend to this issue does not prohibit the parties from stipulating to further amended, such as for the purpose of resolving additional issues raised in the pending motion for judgment on the pleadings.

[2] The court recognizes that due to the ongoing judicial resource emergency in this district, this case, along with every other civil case before the undersigned, has experienced significant delays. The court will attempt to address the pending motion expeditiously once the pleadings are settled. Until then, defendant's motion for judgment on the pleadings will be held in abeyance.