UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WM. BOLTHOUSE FARMS, INC.,

Plaintiff,

v.

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,

Defendant.

No. 1:19-cv-01560-NONE-JLT

ORDER GRANTING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND

(Doc. No. 40)

This case is an insurance coverage dispute brought by plaintiff Wm. Bolthouse, Inc. against defendant Mesa Underwriters Specialty Insurance Company and until May 15, 2020, Atkinson Staffing, Inc. ("Atkinson").[1] Plaintiff was an additional insured on a commercial general liability policy defendant issued to Atkinson. Plaintiff was sued by third-party David Lara, and plaintiff offered to tender its defense to defendant. Defendant declined to accept the tender, claiming that it was not contractually obligated to do so, leading plaintiff to file this lawsuit on November 1, 2019. (Doc. No. 1 (original complaint).) Now pending before the court is defendant's motion for judgment on the pleadings. (Doc. No. 40.) The matter is now fully briefed. (Doc. Nos. 42 (opposition), 43 (reply), 50 (order dismissing complaint for lack of

[1] On that date, plaintiff voluntarily dismissed its claims against Atkinson with prejudice. (Doc. No. 36.)

subject-matter jurisdiction and granting leave to amend jurisdictional allegations), 52 (first amended complaint ("FAC")), 55 (joint status report agreeing that motion for judgment on the pleadings can be applied to the FAC in full).)[2]

For the reasons that follow, defendant's motion is granted in part.

**BACKGROUND**

In relevant part, the FAC alleges the following.

The policy at issue provides insurance coverage for bodily injury and property damages, which provides coverage for "[t]he acts or omissions of those acting on [Atkinson's] behalf; in the performance of [Atkinson's] ongoing operations for the additional insured(s) . . . ." (Doc. No. 52 ¶ 9.) As relevant here, the policy also contained certain exclusions. The following exclusion ("Exclusion") is the one pertinent to this case:

> A. SECTION 1—COVERAGE A BODILY INJURY AND PROPERTY DAMAGE, 2. Exclusions, is deleted and replaced as follows:
>
> This Insurance does not apply to:
>
> e. Employer's Liability "Bodily Injury" to:
>
> (1) An "employee", "temporary worker", "leased employee", or independent contractor of the insured or any additional insured or employee of any independent contractor arising out of and in the course of:
>
> > (a) Employment by the insured or any additional insured or independent operator
> >
> > (b) Performing duties related to the conduct of the insured or any additional insured's business; or
> >
> > (c) Arising out of the injured party's employment; or
>
> (2) A fellow "employee", "temporary worker", "leased employee", or independent contractor of the insured or any additional insured

[2] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. That situation, which has continued unabated for over twenty-one months now, has left the undersigned presiding over 1,300 civil cases and criminal matters involving 737 defendants at last count. Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time. This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

> arising out of the course of such employment when the insured is an "executive officer" of such employer: or…
>
> This exclusion applies:
>
> > (1) Whether an insured may be liable as an employer or in any other capacity;
> >
> > (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury; or
> >
> > (3) To any liability assumed under any contract or agreement.
>
> B. SECTION V – DEFINITIONS, subparagraph 19. Is deleted and replaced with the following:
>
> > 19. "Temporary Worker" means any person who is:
> >
> > > (a) Furnished to you to substitute for a permanent "employee";
> > >
> > > (b) A short-term worker; or
>
> (c) Not an "employee" or "volunteer" worker

(*Id.* at 26 (as in original).)

Plaintiff and Atkinson entered into a services agreement, whereby Atkinson provided services and labor to plaintiff for consideration. (*Id.* ¶ 10.) That agreement required Atkinson to indemnify plaintiff in certain circumstances, including for attorney's fees resulting from "any suit arising out of Atkinson's performance of the Services set forth in this Agreement, or by reason of any act or omission of Atkinson or any of its employees . . . ." (*Id.* ¶ 11 (brackets omitted).) David Lara, who alleges he was assigned by Atkinson to plaintiff, suffered bodily injuries while working at plaintiff's facility, filed suit against plaintiff. (*Id.*¶ 14.) Plaintiff offered to tender the defense to Mesa, but Mesa declined the offer, citing the Exclusion. (*Id.* ¶¶ 15–16, & at 128 (Ex. E).)

## LEGAL STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in

/////

the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought pursuant to Rule 12(c). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 (noting that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

## DISCUSSION

### A. Standards for Insurance Contract Interpretation

"The interpretation of an insurance policy is governed by state law." *Northfield Ins. Co. v. Sandy's Place, LLC*, ___F. Supp. 3d ___, 2021 WL 1222914, at *5 (E.D. Cal. Mar. 31, 2021) (citing *Humboldt Bank v. Gulf Ins. Co.*, 323 F. Supp. 2d 1027, 1032 (N.D. Cal. 2004)). "Interpretation of an insurance policy is a question of law." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999); *accord Sprinkles v. Associated Indem. Corp.*, 188 Cal. App. 4th 69, 76 (2010) (stating that the interpretation of an insurance policy's exclusion is a question of law).

"While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *Palmer*, 21 Cal. 4th at 1115 (1999) (quoting *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992)). When interpreting an insurance policy, courts must "look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Waller v. Truck Ins. Exch.*,

*Inc.*, 11 Cal. 4th 1, 18 (1995); *accord* Cal. Civ. Code § 1644 ("The words of a contract are to be understood in their ordinary and popular sense . . . unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."). "The goal of contractual interpretation is to determine and give effect to the mutual intention of the parties." *Safeco Ins. Co. of Am. v. Robert S.*, 26 Cal. 4th 758, 763 (2001). When possible, courts must "infer this intent solely from the written provisions of the insurance policy." *Palmer*, 21 Cal. 4th at 1115. A policy's clear and explicit language governs. *Id.* However, if the policy language is ambiguous, courts must interpret it consistent with "the objectively reasonable expectations of the insured." *Bank of the W.*, 2 Cal. 4th at 1264–65.

Further, "[a]n insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." *Nat'l Ins. Underwriters v. Carter*, 17 Cal. 3d 380, 386 (1976) (quoting *Continental Cas. Co. v. Phoenix Constr. Co.*, 46 Cal. 2d 423, 432 (1956)). Under California law, an enforceable exclusion or limitation in an insurance policy must be "conspicuous, plain and clear." *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1204 (2004). The insurer carries the burden to demonstrate that the exclusion or limitation is both "plain and clear" and "conspicuous," *id.*, and such clauses are narrowly construed against the insurer, *Marquez Knolls Prop. Owner Ass'n v. Exec. Risk Indem., Inc.*, 153 Cal. App. 4th 228, 233–34 (2007).

**B. The Exclusion**

Here, defendant argues that it is entitled to judgment because the Exclusion is valid and enforceable and because the Lara lawsuit falls within the Exclusion. (Doc. No. 40.) Plaintiff does not meaningfully contest that the language of the Exclusion includes the Lara lawsuit. (*See* Doc. No. 42.) In any event, it appears that any such argument would be fruitless. Under the Exclusion, the policy does not cover bodily injuries to temporary workers of additional insureds arising out of and in the course of employment by the additional insured. (Doc. No. 52 at 26.) In his complaint for bodily injuries, Lara alleged he was such a temporary worker, assigned to work at plaintiff's facility, and suffered serious bodily injuries while working at plaintiff's facility. (*Id.* ¶ 16); *see also Pulte Home Corp. v. Am. Safety Indem. Co.*, 14 Cal. App. 5th 1086, 1104 (2017)

("The determination whether an insurer owes a duty to defend is made in the first instance by comparing the terms of the policy with the allegations of the complaint."). Given the absence of any argument to the contrary, the court finds that defendant has met its burden to show that the language of the Exclusion covers this situation.

**C. Illusory Contract**

Nonetheless, plaintiff argues that the Exclusion renders the contract illusory. (Doc. No. 42 at 14–16.) "A contract is unenforceable as illusory when one of the parties . . . assumes no obligations thereunder . . . [or] provides no legal consideration." *Harris v. TAP Worldwide, LLC*, 248 Cal. App. 4th 373, 385 (2016) (citations omitted). "Insurance coverage is deemed illusory when the insured 'receives no benefit' under the policy." *Jeff Tracy, Inc. v. U.S. Specialty Ins. Co.*, 636 F. Supp. 2d 995, 1007 (C.D. Cal. 2009) (quoting *Md. Cas. v. Reeder*, 221 Cal. App. 3d 961, 978 (1990)).

However, the existence of an exclusion does not inherently render an insurance contract illusory. In *Jeff Tracy*, the plaintiff sued its insurer when the insurer refused to defend it in a lawsuit brought by an employee. 636 F. Supp. 2d at 998. The district court in that case determined that the requested coverage fell within the language of an exclusion. *Id.* at 1005. The plaintiff argued that the exclusion rendered the coverage illusory because most claims it might file would concern employee actions. *Id.* at 1007. However, the court concluded that did not render the policy illusory because "Jeff Tracy does not show that application of Exclusion F would eliminate coverage entirely." *Id.*

In this case plaintiff contends that the Exclusion renders the contract illusory because "[t]he resulting coverage would be below any reasonable expectation and would render the insurance policy a sham." (Doc. No. 42 at 14.) Defendant counters that because there are other scenarios that result in coverage, the contract is not illusory. For instance, according to defendant, if Atkinson provided an employee to plaintiff whose negligence caused a fire which spread to a neighboring property, the damage to the neighboring property would be covered by the policy despite the Exclusion's language. (Doc. No. 43 at 6 n.2.) Although not thoroughly briefed, this statement appears to be accurate. (*See* Doc. No. 52 at 26 (the Exclusion), 40

(insuring "property damage [that] is caused by an occurrence that takes place in the coverage territory), 43–44 (exclusions for property damage not appearing to cover the hypothetical), 49 (same), 52–54 (definitions).) Thus, this situation is comparable to that faced by the court in *Jeff Tracy* because "[e]ven if [actions by brought by temporary employees supplied by Atkinson] are the predominant type of Claim envisioned under the policy, [plaintiff] does not show that application of [the Exclusion] would eliminate coverage entirely." *Jeff Tracy*, 636 F. Supp. 2d at 1007. Thus, as there, the coverage at issue here is not illusory. *See also In re K F Dairies, Inc. & Affiliates v. Fireman's Fund Ins.*, 224 F.3d 922, 926 (9th Cir. 2000)) ("If (and only if) a term is found to be ambiguous after undertaking the first step of the analysis, the court then proceeds to the second step and resolves the ambiguity by looking to the expectations of a reasonable insured."); *Forecast Homes, Inc. v. Steadfast Ins. Co.*, 181 Cal. App. 4th 1466, 1480 (2010) ("Forecast's lengthy discussion of its reasonable expectations as a developer would be relevant only if the SIR endorsement is ambiguous. It simply is not.").

**D. Effect of Additional Insured Endorsement**

"An endorsement is an amendment to or modification of an existing policy of insurance. It may be attached to a policy at its inception or added during the term of the policy." *Luxor Cabs, Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 30 Cal. App. 5th 970, 982 (2018) (internal quotation marks and citations omitted). Endorsements can limit coverage. *Haynes v. Farmers Ins. Exchange*, 32 Cal.4th 1198, 1204 (2004).

Plaintiff argues that because Atkinson had to pay more to add plaintiff as an additional insured, the Exclusion cannot apply. (Doc. No. 42 at 13, 16.) Plaintiff implies that the Exclusion is an endorsement which was added at the same time plaintiff was made an additional insured. (*Id.* at 16.) According to plaintiff, Atkinson thereby paid additional premiums but did not receive any further consideration.

There are several problems with this theory advanced by plaintiff. First, these factual statements do not appear in plaintiff's FAC. (*See* Doc. No. 52.) Second, plaintiff provides no authority for the proposition that an endorsement limiting coverage cannot be executed

/////

simultaneously with an endorsement creating an additional insured. Rather, this argument seems to be a different version of the illusory-contract argument the court has already rejected.

The court has also reviewed plaintiff's other arguments and finds them unavailing.

**E. Leave to Amend**

Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only with leave of court or after obtaining the written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). A court should grant leave to amend freely when justice so requires. *Id.* The same standards apply to motions for judgments on the pleadings. *See Gregg v. Haw. Dep't of Public Safety*, 870 F.3d 883, 886, 889 (9th Cir. 2017) (reversing district court's refusal to grant leave to amend after granting motion for judgment on pleadings and applying standards of Rule 15(a)).

"[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations and internal quotations omitted). As the Supreme Court has articulated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Prejudice to the opposing party is the most important factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, plaintiff contends that it should be granted leave to amend. It argues that the granting of leave to amend would not prejudice defendant because the parties had not exchanged discovery requests or conducted depositions,[3] and that plaintiff has retained new counsel in this matter. (Doc. No. 42 at 17.) The court is cognizant that plaintiff's counsel has not had an opportunity yet to file a complaint presenting new counsel's own legal theories, and plaintiff

---

[3] Plaintiff filed its opposition on October 5, 2020, which is shortly after non-expert discovery closed in this action under the court's scheduling order. (Doc. No. 26 at 1.)

implies that it may be able to allege actionable misrepresentations by sales agents or negligent misrepresentation. (*Id.* at 13.) Defendant counters that such claims would fail as a matter of law, citing to California and Oregon statutes. (Doc. No. 43.)

If defendant is correct, a second amended complaint will cause little prejudice. Indeed, it is possible no additional discovery will be necessary. Although defendant argues that amendment would be futile, that issue has not been thoroughly briefed by the parties. Accordingly, the court will grant limited leave to amend. Plaintiff will be granted leave to file a second amended complaint within thirty days. The second amended complaint may not bring a breach-of-contract claim against defendant. At an appropriate time, the assigned magistrate judge may determine to what extent, if any, discovery in this action should be re-opened.

**CONCLUSION**

Accordingly,

1. Defendant's motion for judgment on the pleadings (Doc. No. 40) is GRANTED IN PART;
2. Plaintiff's first amended complaint (Doc. No. 52) is DISMISSED; and
3. Plaintiff is granted leave to file a second amended complaint, subject to the restrictions set forth above, within 30 days of the service of this order.

IT IS SO ORDERED.

Dated: **November 9, 2021**

Dale A. Drozd
UNITED STATES DISTRICT JUDGE